UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                    12-CR-042

JEFFREY PADEN,
                    Defendant.

---

## PROTECTIVE ORDER GOVERNING THE
## DISCLOSURE OF PERSONAL IDENTITY INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable person identity information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled,

It is, pursuant to the court's authority under Fed. R. Crim. P. 16(d) and with the consent of the parties, hereby,

**ORDERED:**

(1) **Production of Personal Identity Information By The United States That May Be Subject To 18 U.S.C. § 3509(d)(3), 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the

Federal Rules of Criminal Procedure to defendant, pursuant to defendant's discovery requests. The information produced may be subject to the provisions of 18 U.S.C. § 3509(d)(3), 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306. The United States shall produce these documents unredacted to the Defense counsel consenting to this ORDER. Upon producing these documents, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below. The defendant, including defendant's counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgment attached to this Order. The defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, the defendant shall return all documents received from the government and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States. If any documents designated as confidential are used as defense exhibits, defense counsel shall identify these

documents, which shall be maintained with government exhibits so long as those are required to be maintained.

(2) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER."

(3) **Confidential Personal Identity Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall redact confidential documents to remove individual names and/or identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the a person's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Personal Identity Information associated, including names of individuals has been redacted in

accordance with 18 U.S.C. § 3509(d)(3), Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open court without prior consideration by the court.

(4) **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(5) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(6) **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(7) **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or

admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

**SO ORDERED** this 28th day of September, 2012.

_____
HUGH B. SCOTT
United States Magistrate Judge


SO STIPULATED:

WILLIAM J. HOCHUL, JR.
United States Attorney

Dated: September 28, 2012   BY: _____
MAURA K. O'DONNELL
Assistant United States Attorney


Dated: September 14, 2012   _____
HERBERT L. GREENMAN
Attorney for JEFFREY PADEN